SCIENTIFIC PACKAGING CORP., A. N. DERINGER, INC. v. UNITED STATES
(No. 5201)*

United States Court of Customs and Patent Appeals, March 17, 1966

Barnes, Richardson & Colburn (Joseph Schwartz, of counsel) for appellants. John W. Douglas, Assistant Attorney General, Andrew P. Vance, Chief, Customs Section, Glenn E. Harris for the United States.

[Oral argument February 7, 1966 by Mr. Schwartz and Mr. Harris]

Before RICH, Acting Chief Judge, and MARTIN, SMITH and ALMOND, Associate Judges, and Judge William H. Kirkpatrick.**

RICH, Acting Chief Judge, delivered the opinion of the court:

This appeal is from the judgment of the United States Customs Court, C.D. 2505, overruling the importer's protest to the classification of polyethylene bags imported from Canada by Scientific Packaging Corporation, of Elizabeth, New Jersey.

The imports here are bags made of a heavy grade of polyethylene which the importer rolls up into small compass and inserts in cardboard tubes to be dispensed in coin-operated vending machines.[1] The evidence is that about 99% of these vending machines are located in coin-operated laundries or "launderettes." The customers of these establishments use them as laundry bags, to take home the wash, which may be damp, and they may use them to bring back dirty wash.

The collector classified the imports by similitude, under paragraph 1559(a), to cotton cloth laundry bags, classifiable under paragraph 923, by reason of use.

---

*C.A.D. 873.

**United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge Worley, pursuant to provisions of Section 294(d), Title 28, United States Code.

[1] There is confusion in the record and briefs as to what was imported. The Customs Court opinion says it was "polyethylene bags encased in cardboard tubes." Appellants' brief says the same. The Government's brief says it was "polyethylene bags." The latter we take to be correct as appellants' evidence appears to show that uncased bags were imported and placed in cardboard tubes in St. Louis, Mo. Exhibit 1, a sample of the bag as imported, is not in a tube. Exhibit 1-A, is a bag in a tube, "for the convenience of the court." The report of the collector says nothing about tubes.

The protest asks classification under paragraph 1558, Tariff Act of 1930, as modified by T.D. 52739 which reads:

> Articles manufactured, in whole or in part, not specially provided for (except * * *)_____ 10% ad val.

Paragraph 923, as modified by the Japanese Protocol to GATT, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877, reads:

> All manufactures, wholly or in chief value of cotton, not specially provided for:
>
>    *     *     *
>
> Other * * *_____ 20% ad val.

Paragraph 1559, as amended by the Customs Simplification Act of 1954, in pertinent part, reads:

> Par. 1559. (a) Each and every imported article, not enumerated in this Act, which is *similar in the use to which it may be applied* to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed. [Emphasis ours.]

The fact that cotton laundry bags are not eo nomine provided for does not present a problem as an article is "enumerated" if it comes within a class made dutiable in general terms by the act. *United States* v. *Cochran & Co.*, 3 Ct. Cust. App. 57, T.D. 32349, 22 Treas. Dec. 480, followed in *United States v. Wecolite Co.*, 45 CCPA 54, C.A.D. 672.

Appellants argue that their plastic bags are sui generis, that they cannot be classified by similitude to cotton laundry bags, *or anything else*, because they are wholly dissimilar in manner of use to cotton laundry bags. The record does not support this claim since it shows that the bags are principally used as laundry bags in the same way cotton laundry bags are used. Being made of waterproof plastic, however, it is pointed out that they will perform functions and have advantages not possible with cotton cloth bags. For instance, they will keep moisture out or in, they are gas tight and so they are superior for containing dirty diapers—or fish. They can be used to store food in a freezer. In fact the vending machine, located in the launderette, says on its face, referring to the bags it dispenses, "other uses, hat storage, blankets, clothing, frozen foods, toys, picnics, ice cubes, beach bags, etc." The clear implication from the word "other" and evidence of record is that the principal use is as laundry bags.

While the object of the vendors of the bags is doubtless to encourage as many uses, and as many sales, as possible, the fact remains

that they are sold in laundries because that is where they are principally used, as laundry bags (it being probable, it seems to us, that from thence neither fish, nor ice cubes, nor frozen food, nor toys will be carried home), and that this principal use conforms to the phrase of the statute which controls here, "similar in the use to which it may be applied." That which is used as a laundry bag is similar in use to previously known bags used to contain laundry.

In *United States* v. *Steinberg Bros.*, 47 CCPA 47, C.A.D. 727, we held knit nylon fabric properly classified by similitude of use to "Knit fabric, in the piece, wholly or in chief value of silk" under paragraph 1208. We said "Substantial similarity of use is a sufficient basis for classification by similitude" and we further held that, "It is not material that the knit nylon fabric, because of its properties, may have some uses in addition to those for which knit silk fabrics are used."

We agree with the finding of the Customs Court that appellants failed to sustain their burden of proof that the imported bags are not similar in use to cotton cloth laundry bags within the meaning of the statute. The judgment is *affirmed*.